

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center            (203)821-3700
157 Church Street, 25th Floor           Fax (203) 773-5376
New Haven, Connecticut 06510            www.justice.gov/usao/ct

October 7, 2019

Michael Chase, Esq.
Shipman & Goodwin LLP
One Constitution Plaza
Hartford, CT 06103-1919

United States District Court
District of Connecticut
FILED AT   NEW HAVEN
_____ Oct. 7_____ 2019
Roberta D. Tabora, Clerk
By_____
Deputy Clerk

Re: **United States v. Brian Gregan**
    Case No. 3:19-cr-253 (JCH)

Dear Attorney Chase:

This letter confirms the plea agreement between your client, Brian Gregan (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") in this criminal matter.

## THE PLEA AND OFFENSE

In consideration for the benefits offered under this agreement, the defendant agrees to waive his right to be indicted and to plead guilty to a one-count information charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).

The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

1. The defendant knowingly received child pornography, as defined in Title 18, United States Code, Section 2256(8);

2. The child pornography was either (1) received using any means or facility of interstate or foreign commerce, or (2) mailed, or (3) shipped or transported in or affecting interstate or foreign commerce by any means, including by computer;

3. That at the time of such receipt, the defendant knew the material depicted child pornography, as defined in Title 18, United States Code, Section 2256(8)

*Michael Chase, Esq.*
*October 7, 2019*
*Page 2 of 15*

**THE PENALTIES**

Imprisonment

This offense carries a maximum penalty of 20 years of imprisonment and a mandatory minimum penalty of 5 years of imprisonment.

Supervised Release

In addition, the Court must impose a term of supervised release of at least five years and as much as life to begin after any term of imprisonment. 18 U.S.C. § 3583(k). Further, the defendant understands that by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).

The defendant understands that, should he violate any condition of supervised release, he may be required to serve a further term of imprisonment of up to 3 years per violation pursuant to 18 U.S.C. § 3583 with no credit for time already spent on supervised release. However, if the defendant is required to register under the Sex Offender Registration and Notification Act, and violates a condition of supervised release by committing any felony offense in chapters 109A, 110, 117, or sections 1201 or 1591 of Title 18, United States Code, then the defendant may be required to serve a term of not less than 5 years of imprisonment. 18 U.S.C. § 3583(k). 

[handwritten annotation: "2 years" with initials]

In addition to the standard conditions of any supervised release, the defendant does not object to the Court ordering certain additional conditions, as set forth in the attached Rider: Additional Conditions of Supervised Release. The defendant understands that the rider is not binding on the Court, and the Court may impose other additional conditions. The Government reserves the right to argue for other conditions of supervised release that are not set forth in the rider, and the defendant reserves the right to object to conditions not set forth in the rider.

Fine

This offense carries a maximum fine of $250,000. The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

Special Assessment

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100 on the count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

The defendant is further obligated by 18 U.S.C. § 3014 to pay an additional special assessment of $5,000 on the count of conviction, unless the Court finds that the defendant is

indigent. The Government reserves its right to argue at sentencing that the defendant is not indigent. The parties agree that if the Court finds that the defendant is not indigent and imposes the additional special assessment, the additional special assessment is payable to the Clerk of the Court as soon as the defendant has satisfied all other court-ordered fines, orders of restitution, or any other court-ordered obligation related to victim-compensation arising from the counts on which this additional special assessment is based.

The parties agree that the additional assessments under 18 U.S.C. § 2259A should not be imposed because the defendant committed the offense before 18 U.S.C. § 2259A was enacted. 18 U.S.C. § 2259B(d).

### Restitution

In addition to the other penalties provided by law, the Court must order that the defendant make restitution under 18 U.S.C. § 2259, and the Government reserves its right to seek restitution on behalf of victims consistent with the provisions of § 2259. The defendant agrees, pursuant to 18 U.S.C. §§ 3663(a)(3) and 3663A(a)(3), that restitution shall be payable to all victims of his criminal and relevant conduct, including the conduct described in the attached stipulation of offense conduct, and not merely victims of the count to which he agrees to plead guilty. The defendant agrees to make such restitution to each victim for the "full amount of the victim's losses," as that term is defined in 18 U.S.C. § 2259. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution. Restitution is payable immediately unless otherwise ordered by the Court.

### Interest, penalties and fines

Unless otherwise ordered, should the Court impose a fine or restitution of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of the fine or restitution not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine or restitution pursuant to 18 U.S.C. § 3572(h), (*i*) and § 3612(g).

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case and is not bound by this plea agreement. The defendant agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Office. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated, including if the sentence is outside any of the ranges set forth in this agreement.

Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's adjusted offense level under § 3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. Moreover, should the defendant qualify for a decrease under § 3E1.1(a) and his offense level determined prior to the operation of subsection (a) is level 16 or greater, the Government will file a motion with the Court pursuant to § 3E1.1(b) which recommends that the Court reduce the defendant's Adjusted Offense Level by one additional level based on his prompt notification of his intention to enter a plea of guilty. The defendant understands that the Court is not obligated to accept the Government's recommendations on the reductions.

The above-listed recommendations are conditioned upon the defendant's affirmative demonstration of acceptance of responsibility, by (1) truthfully admitting the conduct comprising the offense(s) of conviction and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 of the Sentencing Guidelines, and (2) disclosing to the United States Attorney's Office and the United States Probation Office a complete and truthful financial statement detailing the defendant's financial condition. The defendant expressly authorizes the United States Attorney's Office to obtain a credit report concerning the defendant.

In addition, the Government expressly reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant engages in any acts, unknown to the Government at the time of the signing of this agreement, which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (§ 3E1.1 of the Sentencing Guidelines); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (§ 3C1.1 of the Sentencing Guidelines); or (3) constitute a violation of any condition of release. Moreover, the Government reserves the right to seek denial of the adjustment for acceptance of responsibility if the defendant seeks to withdraw his guilty plea or takes a position at sentencing, or otherwise, which, in the Government's assessment, is inconsistent with affirmative acceptance of personal responsibility. The defendant understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make one or both of the recommendations or seeks denial of the adjustment for acceptance of responsibility.

Stipulation

Pursuant to § 6B1.4 of the Sentencing Guidelines, the defendant and the Government have entered into the attached stipulation, which is a part of this plea agreement. The defendant understands that this stipulation does not set forth all of the relevant conduct and characteristics that may be considered by the Court for purposes of sentencing. The defendant understands that this stipulation is not binding on the Court. The defendant also understands that the Government and the United States Probation Office are obligated to advise the Court of any additional relevant facts that subsequently come to their attention.

Guideline Stipulation

The parties agree that the Guidelines Manual in effect on the date of sentencing is used to determine the applicable Guidelines range.

The parties disagree about the Guidelines calculation and the resulting Guidelines range. The Government's position is as follows: the defendant's base offense level under U.S.S.G. § 2G2.2(a)(2) is 22. Two (2) levels are subtracted pursuant to U.S.S.G. § 2G2.2(b)(1) because the defendant only received the material and did not intend to traffic in or distribute child pornography. See U.S.S.G. § 2G2.2(b)(1), cmt. 1 (definition of "distribution"). Four (4) levels are added pursuant to U.S.S.G. § 2G2.2(b)(4) because the offense involved material that portrays sadistic or masochistic conduct in that it depicts a young boy being anally penetrated by a foreign object. Two (2) levels are added pursuant to U.S.S.G. § 2G2.2(b)(6) because the offense resulted from the defendant's use of a computer or an interactive computer service, specifically Kik. Two (2) levels are added pursuant to U.S.S.G. § 2G2.2(b)(7)(A) because the offense involved the equivalent of more than 10 images. See U.S.S.G. § 2G2.2, cmt. 6(B)(ii) (noting that a video is considered to have 75 images). Accordingly, the Government's position is that the defendant's offense level is 28.

The parties agree that three (3) levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total offense level of 25.

Based on an initial assessment, the parties agree that the defendant falls within Criminal History Category I. The parties reserve the right to recalculate the defendant's Criminal History Category and corresponding sentencing ranges if this initial assessment proves inaccurate.

Based on the Government's calculation, the defendant's total offense level is 25, which, assuming a Criminal History Category I, would result in a range of 60 to 71 months of imprisonment (mandatory minimum and sentencing table), and a fine range of $20,000 to $200,000 U.S.S.G. § 5E1.2(c)(3). The defendant is also subject to a supervised release term of 5 years to life. U.S.S.G. § 5D1.2.

The defendant disagrees with the Government's calculation and reserves the right to argue against its application while the Government reserves the right to argue for its application. The Government and the defendant reserve their rights to seek a departure or a non-Guidelines sentence, and both sides reserve their right to object to a departure or a non-Guidelines sentence. However, the defendant agrees that he is subject to a mandatory minimum term of imprisonment of 60 months, and therefore, he may not argue for a sentence below 60 months of imprisonment.

The defendant understands that the Court is not bound by this agreement on the Guideline ranges specified above. The defendant further understands that he will not be permitted to withdraw the guilty plea if the Court imposes a sentence outside any of the ranges set forth in this agreement.

In the event the United States Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the parties reserve the right to defend any sentencing determination, even if it differs from that stipulated by the parties, in any post-sentencing proceeding.

### Information to the Court

The Government reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to material in its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

The defendant acknowledges and agrees that he is knowingly, intelligently, and voluntarily waiving the following rights:

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant acknowledges that he is waiving his right to be indicted.

### Waiver of Trial Rights and Consequences of Guilty Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, the right to testify and present evidence, and the right to compel the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that, if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

*Michael Chase, Esq.*
*October 7, 2019*
*Page 7 of 15*

### Waiver of Statute of Limitations

The defendant agrees that, should the conviction following defendant's guilty plea be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

### Waiver of Right to Challenge Conviction

The defendant acknowledges that under certain circumstances he is entitled to challenge his conviction. By pleading guilty, the defendant waives his right to appeal or collaterally attack his conviction in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or § 2241. In addition to any other claims he might raise, the defendant waives his right to challenge his conviction based on (1) any non-jurisdictional defects in the proceedings before entry of this plea, (2) a claim that the statute(s) to which the defendant is pleading guilty is unconstitutional, and (3) a claim that the admitted conduct does not fall within the scope of the statute. This waiver does not preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### Appeal Rights Regarding Sentencing

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by 18 U.S.C. § 3742.

## ACKNOWLEDGMENT OF GUILT AND VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

*Michael Chase, Esq.*
*October 7, 2019*
*Page 8 of 15*

### SCOPE OF THE AGREEMENT

The defendant acknowledges that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

### COLLATERAL CONSEQUENCES

The defendant understands that he will be adjudicated guilty of each offense to which he has pleaded guilty and will be deprived of certain rights, such as the right to hold public office, to serve on a jury, to possess firearms and ammunition, and in some states, the right to vote. Further, the defendant understands that if he is not a citizen of the United States, a plea of guilty may result in removal from the United States, denial of citizenship, and denial of admission to the United States in the future. The defendant understands that pursuant to section 203(b) of the Justice For All Act, the Federal Bureau of Prisons or the United States Probation Office will collect a DNA sample from the defendant for analysis and indexing. Finally, the defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

### SEX OFFENDER REGISTRATION

The defendant acknowledges that he has been advised and understands that he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that pursuant to these requirements, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that he will be subject to possible federal and state penalties for failure to comply with such sex offender notification requirements, including prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both. If he resides in Connecticut following release from prison, he will be subject to the registration requirements of Conn. Gen. Stat. § 54-250, et seq. The defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

As a condition of supervised release, the defendant shall initially register with the state sex offender registration in Connecticut, and shall also register with the state sex offender registration

agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

**SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH**

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the conduct which form the basis of the information in this case as set forth in the attached stipulation of offense conduct and relevant conduct.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his guilty plea.

**NO OTHER PROMISES**

The defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

JOHN H. DURHAM
UNITED STATES ATTORNEY

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY

*Michael Chase, Esq.*
*October 7, 2019*
*Page 10 of 15*

      The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____　　　　　10/7/19
BRIAN GREGAN　　　　　　　　　　　　　Date
The Defendant

      I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____　　　　　10/7/19
MICHAEL CHASE, ESQ.　　　　　　　　　Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT AND RELEVANT CONDUCT

The defendant and the Government stipulate to the following offense conduct and relevant conduct that give rise to the defendant's agreement to plead guilty to Count One of the information:

From June 11, 2017 through June 14, 2017, the defendant engaged in sexually explicit communications with a boy ("MV-1"), who was under the age of 18, over the internet, using the Kik text messaging application on his Apple iPhone and iPad. The defendant and MV-1 both lived in Connecticut.

Shortly after they began communicating on June 11, 2017, the defendant asked MV-1 for his age, and MV-1 informed the defendant he was 14 years old. In actuality, MV-1 was 13 years old. After MV-1 told the defendant he was 14 years old, they engaged in sexually explicit communications. During the conversation on June 11, MV-1 referred to his penis and the defendant responded: "Show Daddy." In response, MV-1 sent the defendant a picture of himself standing up, with his shorts partially pulled down, showing his exposed penis, which picture the defendant knowingly received.

The next day, on June 12, 2017, they continued to engage in sexually explicit communications via Kik. During the conversation, the defendant sent a message to MV-1 stating "Show [you are] horny." In response, MV-1 sent the defendant a picture of himself that depicted sexually explicit conduct, which the defendant knowingly received. Specifically, MV-1 sent the defendant a computer file containing an image of MV-1 laying naked on a bed holding his erect penis, simulating masturbation. MV-1's face is not visible in the picture and the focus and center of the picture is the MV-1's penis. MV-1 also sent the defendant a computer file containing a 15-second video that depicted MV-1 inserting the handle of a hair brush into his anus. After receiving the picture and video, the defendant responded with "Get that cock hard."

On June 14, 2017, the defendant and MV-1 communicated via Kik again. They did not communicate again after June 14, 2017.

In addition to communicating with MV-1, the defendant possessed a video of a girl ("MV-2"), who was under the age of 18, engaged in sexually explicit conduct. The defendant met MV-2 online when she was 15 years old, sometime in 2016. They began communicating on Kik, Skype, and Instagram. During the investigation, the defendant consented to law enforcement searching his Apple iPhone and iPad. A forensic examination of his iPad revealed a video of MV-2 masturbating. MV-2 was under the age of 18 when the video was created.

The Kik application is offered by Kik Interactive Inc., which is a company headquartered in Canada. Kik messages (including images and videos) are sent and received via the internet, which is a means of interstate and foreign commerce. Instagram, which is headquartered in California, is a social media service that allows users to share photos and videos with other users, it allows users to comment on another user's shared photos and videos, and it also allows users to send messages to other users. Instagram is accessed via the internet, through a web browser or through applications on mobile devices. Skype is an online service, accessible via computer and

mobile device applications, that allows users to video chat with each other over the internet. The defendant's Apple iPhone and iPad are each a facility of interstate and foreign commerce and were manufactured outside the state of Connecticut.

This written stipulation is part of the plea agreement. The defendant and the Government reserve their right to present additional offense conduct and relevant conduct to the Court in connection with sentencing.

_____
BRIAN GREGAN
The Defendant

_____
NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY

_____
MICHAEL CHASE, ESQ.
Attorney for the Defendant

*Michael Chase, Esq.*
*October 7, 2019*
*Page 13 of 15*

## **RIDER CONCERNING RESTITUTION**

Pursuant to 18 U.S.C. § 2259, the Court shall direct the defendant to pay the full amount of each victim's losses, including any costs incurred for:

(A)  medical services relating to physical, psychiatric, or psychological care;

(B)  physical and occupational therapy or rehabilitation;

(C)  necessary transportation, temporary housing, and child care expenses;

(D)  lost income;

(E)  reasonable attorneys' fees, as well as other costs incurred; and

(F)  any other relevant losses incurred by the victim.

Restitution is payable immediately unless ordered otherwise by the Court. The order of restitution must be a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, 18 U.S.C. § 3565, or a modification of the conditions of supervised release, 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant being held in contempt, or the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. *See* 18 U.S.C. §§ 3613A, 3614. The Court may also order that the defendant give notice to any identifiable victim(s) of his offense under 18 U.S.C. § 3555. Finally, the order of restitution has the effect of a civil judgment against the defendant.

*Michael Chase, Esq.*
*October 7, 2019*
*Page 14 of 15*

## **RIDER: ADDITIONAL CONDITIONS OF SUPERVISED RELEASE**

1. The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the U.S. Probation Office, the Bureau of Prisons, or any state sex offender registration agency, in which he resides, works, is a student, or was convicted of a qualifying offense.

2. The defendant shall participate in mental health treatment, with an emphasis on sexual offender treatment, as approved by the U.S. Probation Office, and shall abide by the policies and procedures of the program. The defendant shall pay all or a portion of the costs associated with treatment based upon the defendant's ability to pay as determined by the U.S. Probation Office and as approved by the Court.

3. As directed by the U.S. Probation Office, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the U.S. Probation Office to make such notifications and to confirm the defendant's compliance with such notification requirement.

4. The defendant shall not have direct contact with any child that the defendant knows or reasonably should know is under the age of 18, without permission of the U.S. Probation Office.

5. The defendant shall not be employed in any position or participate as a volunteer in any activity that involves contact with children under the age of 18, except as approved by the U.S. Probation Office.

6. The defendant shall avoid, and is prohibited from being in, any areas or locations where children under the age of 18 are likely to congregate, such as schools, daycare facilities, playgrounds, and theme parks, unless prior approval has been obtained from the U.S. Probation Office.

7. The defendant shall not associate or have contact with anyone that the defendant knows or reasonably should know is a convicted sex offender or individuals identified as inappropriate by the U.S. Probation Office because of a connection to sexual abuse of minors or sexually explicit materials involving minors, except as part of an approved counseling program.

8. The defendant shall not view or possess any materials, including, but not limited to, pictures, photographs, books, writings, drawings, videos or video games, depicting child pornography as defined in 18 U.S.C. § 2256(A).

9. The defendant shall submit his/her person, residence, office and vehicle to a search, conducted by a U.S. Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other residents of the premises or users of such vehicles that the premises and vehicles may be subject to searches pursuant to this condition.

*Michael Chase, Esq.*
*October 7, 2019*
*Page 15 of 15*

  10. The defendant shall submit all computers (defined in 18 U.S.C. § 1030(e)(1)), mobile phones, other electronic communications or data storage devices, media cameras, drones, photographic equipment, and other Internet capable devices and related equipment (collectively, "electronic devices"), owned, controlled or used by the defendant to a search, conducted by a United States Probation Officer, at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall warn any other users of such items that the items may be subject to searches pursuant to this condition.

  11. The defendant shall permit the U.S. Probation Office to install monitoring software on any and all electronic devices owned, controlled or used by the defendant, for the purpose of determining whether the defendant is viewing or accessing child pornography, as defined in 18 U.S.C. § 2256(A) or whether the defendant has been in contact with minors. The defendant shall pay all or a portion of the costs associates with such monitoring based upon the defendant's ability to pay, as determined by the U.S. Probation Office. The defendant shall not download, install, or utilize any application, software or hardware that will prevent the U.S. Probation Office from monitoring such electronic devices. This includes, but is not limited to, encryption, anonymity, or invisible mode software or devices, or dark web Internet browsers.

  12. To ensure compliance with the preceding monitoring condition, the defendant shall allow the U.S. Probation Office or its designee to conduct initial and periodic unannounced reviews of any and all electronic devices subject to monitoring for the purposes of determining whether (1) the device contains any prohibited data prior to the installation of the monitoring software; (2) the monitoring software is functioning effectively after its installation; and (3) there have been attempts to circumvent the monitoring software after its installation. The defendant shall warn any other people who use these devices that the devices may be subject to review pursuant to this condition. The defendant shall allow the U.S. Probation Office to use such equipment as is necessary to determine the presence of an Internet / Wi-Fi connection.

  13. The defendant shall not knowingly communicate with anyone that the defendant knows or reasonably should know is a minor, via telephone, text messaging, email, social media, mobile application, the Internet, or other electronic means, unless prior approval has been obtained from the U.S. Probation Office.

  14. The defendant shall consent to third-party disclosure to any employer, potential employer, community service site, or other interested party, as determined by the U.S. Probation Office, of any computer-related restrictions that are imposed.

  15. The defendant shall provide the U.S. Probation Office with access to any requested financial records, including but not limited to, telephone/cellular phone bills and credit card statements. The purpose of this condition is to ensure that the defendant does not (i) purchase software, equipment, or services designed to block or circumvent the computer monitoring conditions, (ii) purchase child pornography or access to child pornography, (iii) or have contact with minors.