UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No.  3:19-cr-253 (JCH) |
| | : | |
| v. | : | |
| | : | |
| BRIAN GREGAN | : | January 16, 2020 |

## UNITED STATES'S SENTENCING MEMORANDUM

The Government respectfully submits this memorandum in aid of sentencing in the above-captioned case.  From June 11 to June 14, 2017, the defendant, Brian Gregan, engaged in sexually explicit conversations with a young boy through the Kik text messaging application.  After the boy informed Mr. Gregan that he was 14 years old (the boy was actually only 13 years old), Mr. Gregan and the boy discussed meeting in person to engage in sexual acts. Although they did not ever meet in person, Mr. Gregan sent the boy sexually explicit pictures of himself, and he solicited pictures constituting child pornography from the boy. In response, the boy sent Mr. Gregan pictures and a video of himself depicting child pornography.

This conduct with the boy was not Mr. Gregan's only conduct involving the sexual exploitation of a minor. Mr. Gregan was also involved in a sexual relationship with a teenage girl. He met the girl online when she was 15-years-old. Although he did not have sex with her until she turned 16, which is the age of consent in Connecticut, he requested sexually explicit pictures and videos from her while she was under 18, and he possessed a child pornography video of her engaged in sexually explicit conduct on his Apple iPad.

In light of the above-conduct, the Government respectfully requests that the Court impose a just and appropriate sentence of imprisonment, followed by a period of supervised release of at least five years.

## I. FACTUAL BACKGROUND

The Government agrees with the offense conduct and relevant conduct set forth in the Pre-Sentence Report ("PSR").  PSR ¶¶ 8-25.  In summary, from June 11 to June 14, 2017, Mr. Gregan engaged in sexually explicit conversations with a 13-year-old boy ("Minor Victim 1" or "MV-1") through the Kik text messaging application. A day earlier, the boy had posted a message in the "men-seeking-men" section of Craigslist. In the message, the boy indicated he was a teen under 18 years old and was looking for casual sex. He also provided his Kik username so that others could contact him. Despite the express language in the Craigslist post that he was under 18 years old, Mr. Gregan still contacted the boy via Kik on June 11, 2017 and began to engage in sexually explicit conversations with him.

Mr. Gregan started the conversation by sending the boy a sexually explicit picture of himself.  Mr. Gregan then asked the boy for his age. When the boy responded that he was only 14 years old (in actuality, the boy was 13 years old), Mr. Gregan asked to meet the boy in person to engage in sexual acts.  Mr. Gregan even asked for the boy's address, which the boy provided. Although they never actually met in person, during the course of the Kik conversations, Mr. Gregan repeatedly sent sexually explicit pictures of himself to the boy, and he solicited sexually explicit images from the boy.  For example, during a conversation about the boy's penis, Mr. Gregan wrote "Show Daddy." In response, the boy sent a picture of himself showing his exposed penis.  In another chat exchange, Mr. Gregan asked the boy to "Show [you are] horny." In response, the boy sent a pornographic picture of himself laying naked on a bed holding his erect penis, simulating masturbation. The boy also sent a 15-second pornographic video that depicted the boy inserting the handle of a hair brush into his anus. After receiving the picture and video, Mr. Gregan

responded with "Get that cock hard." The pictures and video that the boy sent of himself to Mr. Gregan constitute child pornography.

Mr. Gregan's conduct with MV-1 was not his only conduct of a sexual nature involving a minor. Mr. Gregan agrees that his relevant conduct includes his possession of a sexually explicit video of another teenage girl ("Minor Victim 2" or "MV-2"). Mr. Gregan met the girl online, when she was only 15 years old, sometime in 2016—the year before his sexual exploitation of MV-1.[1] They eventually had sex when the girl turned 16, and they continued to engage in sexually explicit conversations through at least February 2018, when the girl was 17. Although Mr. Gregan waited until the girl was 16 years old before they had sex, he requested sexually explicit photographs and videos from the girl. He also possessed a sexually explicit video of the girl. The video was on his Apple iPad and depicted the girl masturbating. Because the girl was under 18, the video constitutes child pornography.

In addition, Mr. Gregan had performed online searches for pornographic videos with the search term "Teen." However, no other child pornography images or videos were located on his electronic devices other than the material described above.

## II. PROCEDURAL HISTORY AND PRE-SENTENCE REPORT

Based on the Mr. Gregan's Kik communications with MV-1, Mr. Gregan was arrested by local police in Manchester, Connecticut on April 6, 2018, and he was charged in Connecticut Superior Court with state child pornography and risk of injury offenses. PSR ¶ 24. Federal law enforcement later adopted the case, and on October 7, 2019, Mr. Gregan waived indictment and

---

[1] Although not included in the PSR, Mr. Gregan told law enforcement he met MV-2 online when she was 15 years old in an online forum about BDSM called Fetlife.com. BDSM is an acronym for bondage, domination, submission/sadism, and masochism. Over the course of their relationship, Mr. Gregan bought the girl gifts, including candy, a sexual toy, a bracelet, a collar, and panties. When Mr. Gregan was asked by law enforcement if he had online conversations with other minors, Mr. Gregan stated he could have had conversations with as many as six individuals under the age of 18.

3

pleaded guilty to a one-count information charging him with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B). PSR ¶ 1. The state case was subsequently dismissed in light of Mr. Gregan's guilty plea in the federal case. PSR ¶ 49.

Mr. Gregan faces a mandatory minimum term of imprisonment of 5 years and a maximum term of imprisonment of 20 years. PSR ¶ 91. He also faces a term of supervised release of five years to life, a maximum fine of $250,000, a $100 mandatory special assessment, and an additional $5,000 assessment.[2] PSR ¶¶ 95, 99-100, 103. In addition, as part of his plea agreement, Mr. Gregan agreed to the additional Special Conditions of Supervised Release outlined in the rider to the plea agreement, which are consistent with the recommended conditions in the PSR. *See* Plea Agreement at 2, 14-15; PSR ¶ 113.

The PSR calculated Mr. Gregan's offense level under the Federal Sentencing Guidelines as follows. The defendant's base offense level under U.S.S.G. § 2G2.2(a)(2) is 22. PSR ¶ 30. Two levels are subtracted under U.S.S.G. 2G2.2(b)(1) because the defendant only received child pornography and did not intent to traffic in or distribute child pornography. PSR ¶ 31. Four levels are added under U.S.S.G. § 2G2.2(b)(4) because the offense involved material that portrays sadistic or masochistic conduct in that it depicts a young boy being anally penetrated by a foreign object. PSR ¶ 32. Two levels are added under U.S.S.G. § 2G2.2(b)(6) because the offense involved the use of a computer or an interactive computer service, namely the Kik smartphone application. PSR ¶ 33. Three levels are added under U.S.S.G. § 2G2.2(b)(7)(B) because the offense (including relevant conduct)[3] involved two images and two videos (one of MV-1 and one of MV-2), resulting

---

[2] The additional $5,000 assessment is only applicable if the Court finds that Mr. Gregan is non-indigent. *See* 18 U.S.C. § 3014; PSR ¶ 103. Based on the financial information contained in the PSR, it appears Mr. Gregan is indigent. PSR ¶¶ 86-90.

[3] Under U.S.S.G. § 1B1.3(a), specific offense characteristics should be based not only on conduct underlying the offense of conviction, but also relevant conduct, including "all acts and omissions committed . . . by the defendant . . . that occurred during the commission of the offense of conviction." Here, MV-2 stated she sent the video of herself

in the equivalent of at least 152 images. PSR ¶ 34. Three levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility,[4] resulting in a total offense level of 26. PSR ¶¶ 40-42.

The PSR determined that Mr. Gregan has zero criminal history points, which places him in Criminal History Category I. PSR ¶¶ 44-46. As a result, the PSR concluded that Mr. Gregan's Guidelines range is 63 to 78 months of imprisonment. PSR ¶ 92. The PSR further determined that Mr. Gregan faces a Guidelines term of supervised release of five years to life, and a fine range of $15,000 to $150,000. PSR ¶¶ 96, 101.

The Guidelines calculation in the PSR differs from the Government's Guidelines calculation in the plea agreement. In the plea agreement, the Government overlooked the video depicting MV-2 in calculating the number of images under U.S.S.G. § 2G2.2(b)(7)(B). *See* PSR ¶¶ 34, 94. As a result, in the plea agreement, the Government calculated the total offense level to be 25, and the resulting Guidelines range to be 60 to 71 months of imprisonment.

The Government has no objections to the PSR. However, the Government respectfully asks the Court to depart downward to a range of 60 to 71 months of imprisonment to give effect to the Guidelines range that the Government calculated in the plea agreement. *See United States v. Fernandez*, 877 F.2d 1138, 1145 (2d Cir. 1989) ("a district court presently may depart from a Guidelines sentence in order to give effect to a plea bargain[.]"); PSR ¶ 106.

---

to Mr. Gregan sometime in 2016, *see* PSR ¶ 23, and he continued to possess the video of her when law enforcement found it on his iPad after his conduct with MV-1. Thus, it appears Mr. Gregan committed the act of possessing the video of MV-2 while he engaged in the offense of conviction.

[4] At sentencing, because Mr. Gregan has assisted authorities by timely notifying the Government of his intention to plead guilty, the Government intends to make a motion that the Court award the third point for acceptance of responsibility under U.S.S.G. § 3E1.1(b).

### III.   DISCUSSION OF SENTENCING AND 3553(a) FACTORS

#### A.   Sentencing Guidelines

As discussed above, the Government respectfully requests that the Court depart downward to a range of 60 to 71 months of imprisonment to give effect to the Guidelines range that the Government calculated in the plea agreement. *See Fernandez*, 877 F.2d at 1145; PSR ¶ 106. In Mr. Gregan's sentencing memorandum, Mr. Gregan objects to the four-level enhancement under U.S.S.G. § 2G2.2(b)(4). *See* Def.'s Sentencing Mem. at 19-23. The Government believes this enhancement is appropriate.

The Government agrees that in determining whether the enhancement applies, sentencing courts must determine by a preponderance of the evidence that an image or video objectively portrays conduct that depicts physical pain, emotional suffering, or humiliation. *See United States v. Bleau*, 930 F.3d 35, 41–42, n.20 (2d Cir. 2019) ("[T]he determination of whether an image is sadistic under U.S.S.G. § 2G2.2(b)(4) is an objective one"). However, various courts have held that depictions of prepubescent minors being either anally or vaginally penetrated by adults or objects are *per se* sadistic. *See, e.g., United States v. Freeman*, 578 F.3d 142, 147 (2d Cir. 2009) (upholding district court's decision to apply the sadistic enhancement because under objective standard, the sexual contact in the image "would have to be painful" to the children depicted); *United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996) (upholding the sadistic enhancement by concluding that anal penetration of eight- or nine-year old boy "would have to be painful."); *United States v. Johnson*, 680 F. App'x 194, 199 (4th Cir. 2017) ("numerous courts are in accord that images portraying 'the sexual penetration of prepubescent children are inherently sadistic' because, 'from the standpoint of an objective viewer, such [images] unquestionably involve the depiction of a sexual act that is likely to cause pain in one so young.'"); *United States v. Young*,

672 F. App'x 973 (11th Cir. 2017) ("we have repeatedly held that photographs depicting children being vaginally or anally penetrated, regardless of whether it is by adults or foreign objects, are sadistic"); *United States v. Fuller,* 77 F. App'x 371, 384 (6th Cir. 2003) ("A number of courts have found that images displaying vaginal or anal penetration of a prepubescent minor by either an adult male or a foreign object is likely to be painful and constitutes 'sadistic conduct' that justifies the enhancement.").

Moreover, the enhancement "applies to material *depicting* sadistic, masochistic, or violent conduct even if those pictured were not truly engaging in painful activities." *United States v. Schnekenburger*, No. 19-1195, 2020 WL 30368, at *1 (8th Cir. Jan. 2, 2020) (emphasis in original; internal quotation and citation omitted). The enhancement also applies if the minor acts penetrates himself/herself with an object. *See Young*, 672 F. App'x at 973 (upholding the enhancement for image of a 13-year-old girl penetrating herself with a stick and rejected the defendant's argument that the image did not depict pain where the minor acted of her own volition and was not directed by the defendant); *Schnekenburger*, No. 19-1195, 2020 WL 30368, at *1 (upholding enhancement where defendant produced videos of a fifteen-year-old girl inserting a foreign object into her vagina and anus); *but see Bleau*, 930 F.3d at 41-42 (upholding enhancement depicting female between 12 and 14 years old being penetrated with a vibrator but noting that it was a "very close case.").

In this case, MV-1 was 13-years-old and arguably meets the definition of a "prepubescent" minor as he is on the cusp of the ordinary definition of prepubescent. *See* Fed. Sent. L. & Prac. § 2G2.2 (2020 ed.) ("The [Sentencing] Commission has not defined the term 'prepubescent,' and that term is not defined in the offenses covered by this guideline. The dictionary definition of prepubescent is 'the period between infancy and the beginning of puberty in man or other higher

vertebrates.' The dictionary defines puberty to be 'the period of becoming first capable of reproducing sexually' and indicates that 'the age at which puberty occurs [is] typically between 13 and 16 years in boys and 11 and 14 in girls.'"); *United States v. Springer*, 715 F.3d 535, 546 (4th Cir. 2013) (noting that the American Psychiatric Association, Diagnostic & Statistical Manual of Mental Disorders § 302.2, at 572 (4th ed., Text Revision 2000) characterizes "prepubescent" as "generally age 13 years and younger"); *United States v. Pritchard*, 392 F. App'x 433, 435 n.1 (6th Cir. 2010) (same). Accordingly, based on the case law above, the Court should apply the enhancement here.

### B. Discussion of 3553(a) Factors

The Government respectfully requests that the Court impose a just and appropriate sentence of imprisonment, followed by a period of supervised release of at least five years. Such a sentence will reflect the seriousness of the offense and its impact on the victims, promote respect for the law, and provide just punishment for the offense, while also affording adequate deterrence to future criminal conduct, and it will into account Mr. Gregan's history and characteristics, including any mitigating circumstances.

In this case, Mr. Gregan's offense was a very serious one: he solicited and received child pornography directly from a boy who had already told Mr. Gregan he was only 14 years old (in actuality the boy was only 13 years old). Mr. Gregan's conduct was knowing and intentional. Although the boy himself had posted a message on Craigslist looking for sex, the boy had expressly indicated he was under 18 years old. The boy's age, however, did not matter to Mr. Gregan. Mr. Gregan responded to the post and sent a sexually explicit picture of himself to the boy. Mr. Gregan also asked the boy for his age. The boy indicated he was 14 years old. Again, the boy's age did not matter to Mr. Gregan. Immediately after the boy indicated he was 14, Mr. Gregan asked the boy if

he wanted to engage in a sex act, and they engaged in sexually explicit conversation and discussed meeting in person. He even asked the boy where he lived and the boy provided his address. Fortunately, they did not actually meet.

Despite the boy's age, Mr. Gregan sent sexually explicit pictures of himself to the boy, and he solicited sexually explicit pictures from the boy in return. In response, the boy sent Mr. Gregan two pictures and a video of himself depicting child pornography. To be clear, the Government does not believe the boy created the pictures and video in direct response to Mr. Gregan's requests. Rather, in this case, the boy sent Mr. Gregan sexually explicit pictures and a video that the boy had previously taken of himself. Nonetheless, Mr. Gregan's conduct is heinous in that he solicited and received child pornography directly from a minor he believed was only 14 years old.

Adding to the seriousness of the offense is Mr. Gregan's relevant conduct. Mr. Gregan's communications with the boy was not the only time that Mr. Gregan engaged in sexual conversations with or received child pornography directly from a minor. As discussed above, Mr. Gregan possessed a child pornography video of 16-year-old girl engaged in sexually explicit conduct. This was a teenage girl with whom Mr. Gregan was in a physical sexual relationship. While the girl was above the legal age of consent when they first had sex, it is concerning that he first began communicating with her when she was 15 years old, below the age of consent, after meeting her in an online forum of a sexual nature. He continued to communicate with her through at least age 17, and he requested sexually explicit pictures and videos from her.

Finally, as noted above, Mr. Gregan admitted to law enforcement that he may have communicated with other minors online, and his internet history shows him searching for pornographic videos of teens. Although it is possible he was only searching for pornographic video of teens 18 and older, given his communications with MV-1, who he believed was 14 years old,

9

and MV-2, which began when she was 15 years old, it appears Mr. Gregan has a sexual preference for teens under the age of 18. Thus, the Government submits that Mr. Gregan poses an ongoing danger to the community, particularly minors, and there is a strong need to protect the public and deter him from future criminal conduct.

The Government recognizes that Mr. Gregan appears to struggle with alcohol abuse and mental health issues, and these are mitigating circumstance that the Court must take into account. However, there still remains a need to protect the public from Mr. Gregan and to deter him from engaging in such conduct in the future. This danger and need to protect the public warrants not only a sentence of imprisonment, but also a lengthy period of supervised release to ensure he does not return to this behavior after his release from prison. Finally, there is also a need for general deterrence and promoting respect for the law so that others are deterred from engaging in similar conduct. Accordingly, the Government respectfully asks the Court to impose a sentence of imprisonment followed by a period of supervised release of at least five years.

### IV. VICTIM NOTIFICATION AND RESTITUTION

The Government has notified MV-1's parents as well as MV-2 about the upcoming sentencing hearing and their rights under the Crime Victim Rights Act. In addition, under 18 U.S.C. § 2259, a district court is required to award restitution to victims of child pornography offenses, including the offense in this case. However, to date, the Government has not received any victim impact statements or requests for restitution from MV-1 or his parents or from MV-2. Accordingly, the Government is not seeking any restitution order at this time.

## V. **CONCLUSION**

For the reasons stated above, the Government respectfully asks the Court to impose a just and appropriate sentence of imprisonment followed by a period of supervised release of at least five years.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

*/s/ Neeraj N. Patel*

NEERAJ N. PATEL
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. phv04499
157 Church Street, 25th Floor
New Haven, CT  06510
Tel.:    (203) 821-3700
Email: neeraj.patel@usdoj.gov

CERTIFICATE OF SERVICE

        I hereby certify that on January 16, 2020, a copy of the foregoing Sentencing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

        */s/ Neeraj N. Patel*
        Neeraj N. Patel
        Assistant United States Attorney